19 F.3d 41
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John ROBERSON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3489.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1994.
 
 Before RICH, PLAGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 John Roberson appeals the decision of the Merit System Protection Board (MSPB) dismissing his refiled petition for review as untimely filed. We affirm.
 
 BACKGROUND
 
 2
 Petitioner appealed his removal, from a custodial group leader position with the United States Postal Service (agency), to the MSPB. In an initial decision dated January 8, 1993 the administrative judge (AJ) sustained the agency's removal action.
 
 
 3
 On February 11, 1993 petitioner filed a petition for review with the full board.[1] In a letter dated February 22, 1993, which accompanied the returned petition for review and copies of the hearing tapes, the MSPB notified petitioner that his petition for review did not meet the Board's requirements because a copy of it was not served on the agency. The letter was addressed to Mr. Oscar C. Gates, President, AFGE Local 910 in Phoenix, who was representing petitioner. Above the addressee's name and address were the words, "Notice to:". The letter specifically stated that "[i]f you [petitioner] want the Board to consider your petition for review, you must send a copy to the other parties and return the petition for review to this office with a copy of the certificate of service attached within 15 days of the date of this notice. (emphasis added). The letter was signed by the Clerk of the Board and date-stamped "Feb. 22, 1993."
 
 
 4
 On March 23, 1993 petitioner refiled his petition for review with the MSPB along with a copy of the certificate of service. In support of this being timely filed petitioner indicated, on the signed certificate of service, that he had received the MSPB's letter on March 8, 1993 and as required would "reply within fifteen (15) days of receiving this notice."
 
 
 5
 The MSPB, however, considered petitioner's refiling to be untimely; they interpreted the February 22, 1993 letter to require refiling as of March 9, 1993, fifteen days from the time they sent the letter. As a result, the MSPB required petitioner to submit an affidavit or statement, signed under penalty of perjury, showing good cause for his late filing. Petitioner responded with a notarized copy of his certificate of service that accompanied his prior submission.
 
 
 6
 In a decision dated June 11, 1993 the MSPB dismissed petitioner's refiled petition for review as untimely filed because he did not show good cause for the late filing. Specifically, the MSPB found that the notarized statement did not comply with the requirements of 5 C.F.R. 1201.114(f), and, even if it had it did not demonstrate his due diligence in refiling the petition. Petitioner appealed this decision to our court.
 
 DISCUSSION
 
 7
 5 C.F.R. Sec. 1201.114(d) (1992) states that "[a]ny petition for review must be filed within 35 days after the initial decision is issued." The Board, however, can extend the filing deadline. See, e.g., Hudgies v. United States Postal Serv., 55 M.S.P.R. 311 (M.S.P.B.1992). Such was the case here when the board notified petitioner in its February 22, 1993 letter that they would consider his petition for review (i.e. it would be timely filed) if he corrected the deficiency in the earlier-filed petition and refiled it, with a copy of the certificate of service, "within 15 days of the date of this notice."
 
 
 8
 The respondent believes, and the board found, that this statement effectively extended the deadline for filing the petition for review to March 9, 1993 (15 days from the time the MSPB sent the above-mentioned letter). The petitioner's representative, however, apparently understood it to mean that he had 15 days from the time he received the notice.
 
 
 9
 We find that petitioner's interpretation is implausible. The "date of this notice," as stated in the February 22, 1993 letter, must refer to the date of the document, not some unspecified date in the future.
 
 
 10
 Petitioner stated, and the respondent does not refute this in its brief, that he received the February 22, 1993 letter on March 8, 1993, and refiled it on March 23, 1993. Since petitioner refiled his petition more than 15 days after the date of the notice, his refiling was untimely.[2] The MSPB was warranted in issuing a show cause letter, and its action thereon was well within its discretion.[3]
 
 
 11
 Accordingly, we affirm the decision of the MSPB.
 
 
 
 [1]
 Although the letter merely stated his disagreement with the initial AJ decision and requested a written transcript of the hearing, the Office of the Clerk treated this as a petition for review
 
 
 [2]
 Although petitioner's brief makes reference to the substantive merits of the case, the only issue before us is whether he timely filed his petition for review
 
 
 [3]
 Given that there was only one day between the acknowledged receipt of the letter and the last day for refiling, the MSPB might have granted additional time for the response. Its failure to do so cannot be said to be an abuse of discretion, however, since under the rules petitioner's response would have been deemed filed when mailed, which could have been the day the notice was received